IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| RYAN ANDREW NELSON,<br><br>    Plaintiff,<br><br>  v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>    Defendant. | CIVIL ACTION NO.: 4:25-cv-99 |

### O R D E R

Plaintiff Ryan Andrew Nelson, proceeding *pro se*, brought this action against Defendant State Farm Fire and Casualty Company alleging breach of contract and bad faith refusal to pay in relation to an insurance dispute. Following an extensive procedural history, Plaintiff amended the Complaint to include a claim of intentional infliction of emotional distress ("IIED") in relation to statements made by Defendant during this proceeding. (Doc. 31-1.) Before the Court is Defendant's Motion to Dismiss for failure to state a claim upon which relief can be granted. (Doc. 33.) Defendant argues that Plaintiff's Count II claim for bad faith refusal to pay and Count III claim for IIED both fail as a matter of law. (See id.) Plaintiff filed a Response to the Motion, (doc. 36), and Defendant filed a Reply, (doc. 39). For the reasons below, Plaintiff has failed to state an actionable claim on either Count II and Count III. Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss as to Counts II and III of Plaintiff's Complaint.[1] (Doc. 33.)

### BACKGROUND

---

[1] The Court has considered the parties' fully briefed submissions on Defendant's Motion to Dismiss and finds that there is no need for a hearing. Accordingly, the Court **DENIES** Defendant's Motion for Hearing. (Doc. 34.)

The following facts are alleged in Plaintiff's Second Amended Complaint. (Doc. 31-1.) On September 27, 2024, Tropical Storm Helene damaged Plaintiff's home, causing structural roof failure leading to water intrusion. (Id. at p. 3.) Plaintiff had been issued a homeowner's insurance policy (the "Policy") by Defendant, which was in effect at the time of the loss. (Id. at p. 3; see also doc. 33-2.) Plaintiff promptly reported the loss to Defendant. (Doc. 31-1, p. 4.) Plaintiff alleges that Defendant, acting through a vendor, performed a negligent and inadequate inspection of Plaintiff's property and failed to document the observable structural damage. (Id.) Plaintiff claims he provided evidence (i.e., photographs and contractor estimates) of his claimed damage through Defendant's online portal, but that evidence is now missing from the portal. (Id.) Plaintiff alleges a loss of equity exceeding $200,000 due to Defendant's alleged failure to timely and fully pay Plaintiff's claim. (Id.) On December 27, 2024, Plaintiff sent Defendant a formal demand letter pursuant to O.C.G.A. § 33-4-6. (Id.) Plaintiff alleges Defendant violated Georgia law by failing to pay the loss or provide reasonable justification for failing to do so within 60 days of Plaintiff's demand. (Id.)

Plaintiff filed suit in the Superior Court of Effingham County, Georgia, on March 20, 2025, asserting breach of contract, bad faith under O.C.G.A. § 33-4-6, negligence, and spoliation of evidence. (See generally doc. 1-1.) Defendant filed an Answer denying Plaintiff's allegations. (Id. at pp. 10–19.) Defendant subsequently removed the case to this Court on April 25, 2025, based on diversity jurisdiction. (Doc. 1.)

Plaintiff filed a First Amended Complaint pursuant to Fed. R. Civ. Pro. 15(a)(1). (Doc. 15.) Defendant filed an Answer and a partial Motion to Dismiss, (docs. 18 & 19), and Plaintiff filed a Response, (doc. 25). In his Response, Plaintiff included multiple citations to nonexistent cases. (Doc. 25, pp. 4–5; see doc. 41, p. 5.) Defendant filed a Motion to Strike, claiming Plaintiff

was "attempt[ing] to perpetrate a fraud on the Court" through the citations to nonexistent cases. (Doc. 29, p. 3.)

Plaintiff sought leave to file a Second Amended Complaint. (Doc. 31.) Defendant did not oppose Plaintiff's Motion for Leave to File Second Amended Complaint and instead filed an Answer and the at-issue Motion to Dismiss. (Docs. 32 & 33.) Defendant thus implicitly consented to proposed amendment under Rule 15(a)(2), and Plaintiff's Second Amended Complaint became the sole operative pleading by operation of Rule 15(a)(2). (See doc. 41, pp. 2–3.)

The Second Amended Complaint contains three Counts. Along with the breach of contract claim (Count I) and bad faith claim (Count II), Plaintiff added a new claim for IIED (Count III) related to Defendant's "Malicious Litigation Conduct" in characterizing Plaintiff as attempting to perpetrate fraud. (Doc. 31-1, pp. 4–7.) Plaintiff claims that Defendant's conduct "was extreme and outrageous," "undertaken with the specific intent of causing Plaintiff severe emotional distress," and caused Plaintiff to suffer "severe emotional distress" resulting in physical injuries. (Id. at p. 7.) In its Motion to Dismiss, Defendant claims that Plaintiff's Count II claim for bad faith refusal to pay and Count III claim for IIED both fail as a matter of law. (Doc. 33.)

## STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must . . . state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. When evaluating a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, a court must "accept[] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." Belanger v. Salvation Army, 556 F.3d 1153, 1155 (11th Cir. 2009).

However, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678. Rather, "[a] complaint must state a facially plausible claim for relief, and '[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Reese v. Ellis, Painter, Ratterree & Adams, LLP, 678 F.3d 1211, 1215 (11th Cir. 2012) (quoting Ashcroft, 556 U.S. at 678).

The plausibility standard is "not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Ashcroft, 556 U.S. at 678 (citation and internal quotation marks omitted). Dismissal under Rule 12(b)(6) is also permitted "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993); see also Neitzke v. Williams, 490 U.S. 319, 326–27 (1989) (explaining that Rule 12(b)(6) allows a court "to dismiss a claim on the basis of a dispositive issue of law").

Where, as here, the plaintiff is proceeding *pro se*, the "complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, courts are not "bound to accept as true a legal conclusion couched as a factual allegation," Papasan v. Allain, 478 U.S. 265, 286 (1986), and the Court "may not serve as *de facto* counsel for a [*pro se*] party, or rewrite an otherwise deficient pleading in order to sustain an action." Ausar-El v. BAC Home Loans Servicing LP, 448 F. App'x 1, 2 (11th Cir. 2011) (per curiam) (citation and internal quotation marks omitted).

**DISCUSSION**

4

I.   **Plaintiff's Bad Faith Claim (Count II)**

Defendant argues that Plaintiff's Count II claim of bad faith refusal to pay fails as a matter of law. (Doc. 33-1, pp. 3–8.) O.C.G.A. § 33-4-6 provides the exclusive remedy for extra-contractual damages in connection with a first-party insurance claim in Georgia. See Howell v. S. Heritage Ins. Co., 448 S.E.2d 275, 276 (Ga. Ct. App. 1994). O.C.G.A. § 33-4-6(a) states that upon a finding that an insurer has refused to pay a covered claim in bad faith, the insurer "shall be liable to pay such holder, in addition to the loss, not more than 50 percent of the liability of the insurer for the loss or $5,000.00, whichever is greater . . . ." As the statute imposes a penalty, it is strictly construed. BayRock Mortg. Corp. v. Chicago Title Ins. Co., 648 S.E.2d 433, 435 (Ga. Ct. App. 2007). To prevail on a claim for bad faith under O.C.G.A. § 33-4-6, the insured must prove: "(1) that the claim is covered under the policy, (2) that a demand for payment was made against the insurer within 60 days prior to filing suit, and (3) that the insurer's failure was motivated by bad faith." Id. A proper demand for payment is an essential prerequisite for recovery. Id. (citing Hanover Ins. Co. v. Hallford, 193 S.E.2d 235, 236–37 (Ga. Ct. App. 1972)).

Defendant argues that Plaintiff's demand was improper because it was for an amount not available under the Policy. (Doc. 33-1, pp. 5–6.) Where a claim is not covered under the terms of the policy, there can be no recovery for bad faith failure to pay. Langdale Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., 110 F. Supp. 3d 1285, 1318 (N.D. Ga. 2014). In the formal demand letter sent to Defendant on December 27, 2024, (a copy of which Plaintiff attached as an exhibit to his Second Amended Complaint), Plaintiff demanded a total of $1,000,000 in damages. (Doc. 31-1, p. 13.) However, as Defendant points out, even if all of Plaintiff's available property coverage under the Policy were combined and paid, it would not cover the $1,000,000 requested.[2]

---

[2] Defendant attached a certified copy of the Policy as an exhibit to its Motion to Dismiss. (Doc. 33-2.) The Federal Rules of Civil Procedure provide that, if "matters outside the pleadings are presented to and

5

(Doc. 33-1, p. 6; see also doc. 33-2, p. 3.)  Where there is "no coverage for the amount sought by the plaintiff there can be no recovery for bad faith in refusing to pay the amount demanded." Parris & Son, Inc. v. Campbell, 196 S.E.2d 334, 341 (Ga. Ct. App. 1973).

In his Response, Plaintiff dismisses "Defendant's technical arguments regarding the demand letter" as "a classic attempt to elevate form over substance." (Doc. 36, p. 4.)  Plaintiff argues that Defendant has evinced a pattern of bad faith behavior because of alleged misdeeds and that such conduct is sufficient to state a plausible claim for bad faith under O.C.G.A. § 33-4-6. (Id.)  Plaintiff cites no authority and ignores the requirements for recovery established by Georgia law, appearing instead to invoke a more colloquial understanding of "bad faith."  Bad faith for purposes of O.C.G.A. § 33-4-6 has been defined as a frivolous and unfounded denial of liability. State Farm Mut. Auto. Ins. Co. v. Harper, 188 S.E.2d 813, 817 (Ga. Ct. App. 1972) (internal quotations omitted).  There is no bad faith where there is any reasonable ground for the insurer to contest the claim.  Id.  Here, Plaintiff's demand substantially exceeded the scope of coverage. Defendant could not have acted unreasonably in refusing payment for a claim beyond the available coverage.  To allow Plaintiff's claim to proceed based only on his general allegations of misconduct is incompatible with the requirement that O.C.G.A. § 33-4-6(a) be "strictly construed." Howell, 448 S.E.2d at 276.

---

not excluded by the court[,]" then a Rule 12(b)(6) motion to dismiss must be treated as a motion "for summary judgment under Rule 56" and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).  However, a document attached to a motion to dismiss "may be considered by the court without converting the motion into one for summary judgment . . . if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed." Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002). "'Undisputed' in this context means that the authenticity of the document is not challenged." Id.  Here, Plaintiff's claims are based upon the terms in the Policy, so it is undoubtedly central to his claim.  In addition, Plaintiff does not dispute that this is the Policy that governs his claim.  Indeed, his Complaint states that the policy number is 81-EG-X877-6, (doc. 31-1, p. 3), and this is the same number listed on the Policy, (doc. 33-2, p. 1).  Accordingly, the Court has reviewed and considered the Policy, including, specifically, the Declaration Section which lists the "Property Coverages and Limits." (Doc. 33-2, pp. 2–5.)

Because Plaintiff's demanded relief exceeded the amount available to him under the Policy, Defendant's refusal to pay the relief did not constitute bad faith as a matter of law. Consequently, the Court **GRANTS** Defendant's Motion to Dismiss as to Plaintiff's bad faith claim (Count II).

## II.   Plaintiff's Intentional Infliction of Emotional Distress Claim (Count III)

Plaintiff claims that Defendant's Motion to Strike, (doc. 29), contained language that was an "extreme and outrageous" accusation made with the specific intent of causing him severe emotional distress. (Doc. 31-1, p. 7.) Plaintiff accuses Defendant of "baselessly and maliciously accus[ing] the *pro se* Plaintiff of perpetrating a 'Fraud on the Court'" with regard to Plaintiff citing nonexistent court cases in court filings. (Id. at p. 5.) Plaintiff claims that Defendant's conduct caused Plaintiff to suffer severe emotional distress resulting in a "severe flare-up of his neurological condition causing an impaired gait." (Id.) Plaintiff alleges that he has a documented medical history involving struggles with stress, PTSD, and severe anxiety. (Id.)

To prevail on an IIED claim under Georgia law, a plaintiff must show that (1) defendant's conduct was intentional or reckless, (2) the conduct was extreme and outrageous, (3) a causal connection existed between the wrongful conduct and the emotional distress, and (4) the emotional harm was severe. Jordan v. Kimpton Hotel & Restaurant Group, LLC, 890 S.E.2d 417, 425 (Ga. Ct. App. 2023) (internal citations omitted). Additionally, the conduct must have been directed at the plaintiff; statements to the public at large are not actionable. Mayorga v. Benton, 875 S.E.2d 908, 913 (Ga. Ct. App. 2022); Lively v. McDaniel, 522 S.E.2d 711, 713 (Ga. Ct. App. 1999) ("Defamatory remarks made to . . . the public in general are classic examples of conduct that, though harmful to the plaintiff, was directed toward the hearer of the statements . . . and thus is not actionable as [IIED].") Plaintiff's IIED claim fails to satisfy these basic requirements.

7

Plaintiff cannot show that the conduct was directed towards him. Defendant did not direct its statements to Plaintiff but instead included the remarks in a motion to the Court requesting relief from the Court (based on previous statements made by Plaintiff). (See doc. 29.) Moreover, Defendant's conduct in making the statements was not extreme or outrageous as a matter of law.[3] Ellison v. City of Atlanta, Ga., No. 1:23-CV-4067-TWT-CCB, 2024 WL 5701068, at *14 (N.D. Ga. Aug. 5, 2024) ("Liability for [IIED] clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." (quoting Jenkins v. Gen. Hosp. of Humana, Inc., 395 S.E.2d 396, 398 (Ga. Ct. App. 1990))). As Plaintiff has alleged no conduct beyond mere words, his claim for IIED is legally deficient. The Court thus **GRANTS** Defendant's Motion to Dismiss as to Plaintiff's IIED claim (Count III).

## CONCLUSION

For these reasons, the Court **GRANTS** Defendant's Motion to Dismiss, (doc. 33). Accordingly, the Court **DISMISSES** Counts II and III of Plaintiff's Second Amended Complaint, (doc. 31-1). Plaintiff's breach of contract claim (Count I), however, remains pending. The Court **DIRECTS** the Clerk of Court to **LIFT** the discovery stay. (See doc. 41.) The parties are **DIRECTED**, within fourteen (14) days, to confer and submit a renewed Rule 26(f) Report. The parties are reminded of their obligation to indicate, in the renewed Rule 26(f) Report, whether an

---

[3] Plaintiff has admitted that he did, indeed, file briefs with the Court that contained citations to nonexistent cases and, as the Magistrate Judge noted, he had also previously misrepresented this matter's procedural history in filings with the Court. (Doc. 41, pp. 4–5; see also doc. 30.) As the Magistrate Judge previously explained to Plaintiff, "[b]y signing and filing his pleadings, written motions, or other papers with the Court, Plaintiff [was] certifying that 'the claims, defenses, and other legal contentions therein [were] warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law,' and that 'the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.'" (Doc, 41, p. 5 (quoting Fed. R. Civ. P. 11(b)).) Thus, there is no basis for finding that Defendant's motion, which brought the underlying issues to the Court's attention, was defamatory, much less "extreme" or "outrageous."

informal discovery dispute conference with the Magistrate Judge is still necessary.  (See docs. 40 & 41.)

**SO ORDERED**, this 28th day of October, 2025.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA