IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

RYAN ANDREW NELSON,

      Plaintiff,

      v.

STATE FARM FIRE AND CASUALTY
COMPANY,

      Defendant.

CIVIL ACTION NO.: 4:25-cv-99

## **O R D E R**

The Magistrate Judge denied Plaintiff's Motion to Compel Native Format ESI Production. (Doc. 63.)   Plaintiff objects pursuant to Federal Rule of Civil Procedure 72(a).   (Doc. 67.)   For the reasons discussed below, Plaintiff's objections are **OVERRULED**.   (Doc. 67.)   The Magistrate Judge's Order is **AFFIRMED**.   (Doc. 63.)

## **Background**

Plaintiff's Motion to Compel Native Format ESI Production, as the title implies, sought an order compelling State Farm to "produce electronically stored information in native format with metadata."   (Doc. 51, p. 1.)   In his Reply Brief, Plaintiff identified an issue entirely distinct from the sufficiency of State Farm's discovery responses, arguing that Defendant's privilege log was substantively deficient.   (Doc. 56.)   The Magistrate Judge found that Plaintiff had not established the relevance of metadata or native format production to his remaining claim for breach of contract and denied the Plaintiff's Motion to Compel on those grounds.   (See doc. 63, pp. 6—7.)   The Magistrate Judge did, however, look past the procedural impropriety of Plaintiff raising a new issue within his reply brief and found that State Farm's privilege log was deficient under Federal

Rule of Civil Procedure 26(b)(5)(A).   (Id. at pp. 7—8.)   Thus, the Magistrate Judge directed State Farm to provide Nelson with a compliant supplemental privilege log within fourteen days.   (Id. at p. 8.)   Plaintiff now objects to the Magistrate Judge's relevancy determination on several grounds and argues that the Magistrate Judge's determinations regarding relevancy and State Farm's privilege log are "internally inconsistent."   (See generally doc. 67.)

### Legal Standard

The Magistrate Judge's Order is subject to a deferential standard of review.   The statute governing referrals to the Magistrate Judge provides:

> [A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.   A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

28 U.S.C. § 636(b)(1)(A).   When considering the parties' objections to the magistrate judge's ruling on this non-dispositive matter, the Court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law."   Fed. R. Civ. P. 72(a); see also Stewart v. Johnson, 2021 WL 6752312, at *1 (S.D. Ga. Aug. 10, 2021) (finding a motion to exclude to be a non-dispositive pretrial evidentiary motion, even where it will influence the outcome of the matter). Otherwise, the magistrate judge's ruling stands.

"A ruling is clearly erroneous where either the magistrate judge abused his discretion or the district court, after reviewing the entirety of the record, is left with a definite and firm conviction that a mistake has been made."   Jackson v. Deen, 2013 WL 3991793, at *2 (S.D. Ga. Aug. 2, 2013) (citing Pigott v. Sanibel Dev., LLC, 2008 WL 2937804, at *5 (S.D. Ala. July 23,

2

2008)). A decision by the magistrate judge is contrary to law when it "fails to follow or misapplies the applicable law." *Id*. (citations omitted).   In another context, the Eleventh Circuit has recognized that "[c]lear error is a highly deferential standard of review."   Holton v. City of Thomasville Sch. Dist., 425 F.3d 1325, 1350 (11th Cir. 2005).

## **Discussion**

Plaintiff presents several arguments to support his contention that the Magistrate Judge's determination that Nelson failed to demonstrate the relevancy of metadata and native format production was clearly erroneous or contrary to law.   First, he asserts that his Motion to Compel "directly demonstrates the relevancy the Order found lacking."   (Doc. 67, p. 3.)   This conclusory statement does not implicate the Magistrate Judge's identification or application of controlling law and is insufficient to meet the high bar of the clearly erroneous standard discussed above.

Next, Plaintiff contends that deposition testimony of a woman named Eileen Townsend,[1] whose testimony he states was "obtained after the Order was entered", demonstrates the relevancy of the pursued discovery.   (Doc. 67, pp. 3, 5.)     Before addressing the merits of the objection, the Court must again admonish Plaintiff concerning the accuracy of the contents of his filings. (See doc. 41, pp. 4—6.)   Nelson attached the deposition transcript of Townsend to his Objection. (Doc. 67-1.) The transcript reflects that the deposition took place on February 13, 2026.   (Id.) The Magistrate Judge's Order was entered on April 1, 2026.   (Doc. 63.)   Therefore, Nelson's assertion that the deposition testimony of Eileen Townsend was obtained "after the [Magistrate Judge's] Order was entered" is contradicted by Nelson's own exhibit.   This Court has already warned Plaintiff of the requirements of Rule 11 of the Federal Rules of Civil Procedure, including the requirement that "factual contentions have evidentiary support, or if specially so identified,

---

[1]  Nelson does not illuminate who Eileen Townsend is or why her testimony is relevant to the issue.   (See doc. 67, p. 3.)

3

will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." (Doc. 41, pp. 5—6.)  And, as noted in the previous warning, "[t]his is not the first time that Plaintiff has failed to reasonably investigate and verify the contents of his filings." (Id. at p. 5).  If Plaintiff continues to disregard the strictures of Rule 11, he may be subject to sanctions, despite his pro se status.  Harris v. Heinrich, 919 F.2d 1515, 1516 (11th Cir. 1990).

Even if Plaintiff's objection were accurate, it would be meritless.  The Magistrate Judge's determination is not clearly erroneous for failing to consider information or arguments that were not in the record at the time of that determination.[2]  Furthermore, Plaintiff's obscure reference to Ms. Townsend's deposition testimony about the "redacted claim file" does not demonstrate the relevancy of underlying metadata to Plaintiff's sole remaining claim.  The Magistrate Judge did not determine that the claim file itself is irrelevant; instead, he determined that Plaintiff failed to demonstrate the relevancy of the underlying metadata to his surviving claim.  (See generally doc. 63.)  Nothing in the referenced deposition testimony alters that analysis.

Nelson also claims that the Magistrate Judge's relevancy analysis was "contaminated" by its reference to Nelson's bad faith claim, the dismissal of which is the subject of his pending motion for reconsideration, (doc. 50.)  (Doc. 67, p. 4.)  Nelson fails to explain how the Magistrate Judge's allusion to the bad faith claim, which merely notes the bad faith claim's *irrelevancy* to the Motion to Compel, was clearly erroneous or contrary to law.  (Id.)  Nelson's objections concerning the Magistrate Judge's relevancy analysis are all, therefore, **OVERRULED**.

Nelson next argues that the Magistrate Judge's Order directing State Farm to supplement its privilege log, while declining to compel the production of the privileged materials, is "internally inconsistent." (Doc. 67, pp. 5—6.)  Nelson accuses the Magistrate Judge of "effectively denying

---

[2]  While the deposition of Townsend took place in February 2026, it was only introduced into the record when Nelson attached the transcript to his Objections.  (See generally docket; doc. 67-1.)

written discovery on a live federal count by ordering State Farm to better describe what it is withholding rather than ordering production of documents whose privilege claims cannot be assessed from a log the Court itself found deficient under Rule 26(b)(5)(A)." (Id. at p. 6.) In short, Nelson is frustrated that the Court did not direct State Farm to produce an unredacted claim file having found State Farm's privilege log deficient. This objection is meritless because the redacted materials in State Farm's claim file were not the subject of his Motion to Compel. (See generally doc. 51.) And, even if they were, the Court acted properly within its discretion to permit a supplemental privilege log. Under Plaintiff's view, a litigant's right to privileged communications and information should be waived upon the production of a faulty privilege log. Courts generally take a more measured approach. Although in particularly egregious circumstances the Court may deem privilege waived, courts typically allow parties with deficient privilege logs the opportunity to submit a proper log. See, e.g., Dykstra v. Fla. Foreclosure Att'ys, PLLC, 191 F. Supp. 3d 1378, 1380 (S.D. Fla. 2016) ("[E]ven if the Court were to find that Defendants' privilege log is insufficient, the Court would not normally be inclined to find that the privilege is waived and would likely give Defendants additional time to submit a proper privilege log, absent extraordinary circumstances or dilatory conduct."). The Magistrate Judge's decision to order State Farm to provide a supplemental privilege log while declining to strip State Farm of privilege itself was neither clearly erroneous nor contrary to law. This objection is **OVERRULED**.

Plaintiff finally complains that the Magistrate Judge did not address Rules 34(b)(1)(C) and 34(b)(2)(E)(ii) of the Federal Rules of Civil Procedure, which allows requesting parties to specify the form of electronically stored information ("ESI") production and governs the form of ESI production, respectively. (Doc. 67, p. 5.) Having found that Plaintiff failed to demonstrate the

relevancy of the sought-after discovery, the Magistrate Judge did not err in denying Plaintiff's motion on that basis alone.   Any disputes over the form of production is moot since production itself is not required.   This objection is **OVERRULED**.

Nelson's objections fail to demonstrate that the Magistrate Judge's Order denying Plaintiff's Motion to Compel Native Format ESI Production was clearly erroneous or contrary to law.   Therefore, the Magistrate Judge's Order is **AFFIRMED**.   (Doc. 63.)

**SO ORDERED**, this 8th day of May, 2026.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA